UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD L. SEAY,<br><br>Petitioner,<br><br>v.<br><br>G. HELENA AND STEPHEN WHITE,<br><br>Respondents. | Case No.  2:25-cv-0503-DJC-JDP (P)<br><br><br><br>ORDER |

    Petitioner, a state prisoner, brings this action under section 2254.  ECF No. 1.  The petition fails to present a viable federal habeas claim, however.  I will dismiss the current petition and give petitioner an opportunity to amend and explain why this action should proceed.  I will also grant petitioner's second application to proceed *in forma pauperis,* ECF No. 8, and deny his first application as moot, ECF No. 2.

    The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

    The petition is presented on a section 1983 form and, thus, I cannot tell when the

1

underlying conviction occurred or whether the claim presented has been exhausted in state court. Additionally, the claim itself is vague. Petitioner asserts that the court of conviction imposed enhancements to a life sentence without the possibility of parole, and that it did so "out of malice, spite, and excessive racial prejudice" against him. ECF No. 1 at 3-4. He offers no explanation of how he knows that the enhancements were imposed for improper reasons.

Rather than recommending dismissal of the case, I will dismiss the petition with leave to amend. Petitioner may file a new petition that addresses these deficiencies and explains why, if at all, his claim should proceed.

Accordingly, it is ORDERED that:

1. Petitioner's application to proceed *in forma pauperis*, ECF No. 8, is GRANTED and his earlier application, ECF No. 2, is DENIED as moot.

2. The petition, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, petitioner shall file either (1) an amended petition or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended petition or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send petitioner a habeas petition form with this order. If he files an amended complaint, he must use this form.

IT IS SO ORDERED.

Dated:   April 30, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2