UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD L. SEAY,<br><br>Petitioner,<br><br>v.<br><br>G. HELENA AND STEPHEN WHITE,<br><br>Respondents. | Case No.  2:25-cv-0503-DJC-JDP (P)<br><br>ORDER TO SHOW CAUSE |

On April 30, 2025, the court notified petitioner that his petition failed to state a claim. ECF No. 11.  The court granted petitioner thirty days to file an amended petition.  *Id.*  The time for petitioner to file an amended petition has passed.

To manage its docket effectively, the court imposes deadlines and requires litigants to meet those deadlines.  The court may dismiss a case based on petitioner's failure to prosecute or failure to comply with its orders or local rules.  *See* Fed. R. Civ. P. 41; *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances.").  Involuntary dismissal is a harsh penalty, but the court has a duty to administer justice expeditiously and avoid needless burden for the parties.  *See*

1

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1.

    Petitioner will be given a final opportunity to explain why the court should not dismiss his case for failure to file an amended petition.  Petitioner's failure to respond to this order will constitute a failure to comply with a court order and will result in dismissal of this case.  Accordingly, petitioner must show cause within twenty-one days of the date of entry of this order why the court should not dismiss his case for failure to state a claim, failure to prosecute, and failure to comply with a court order.  Should petitioner wish to continue with this lawsuit, he shall also file, within twenty-one days, an amended petition for writ of habeas corpus.

IT IS SO ORDERED.

Dated:    July 21, 2025  

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2